

Representing Management Exclusively in Workplace Law and Related Litigation

**Jackson Lewis P.C.**
44 South Broadway
14th Floor
White Plains NY 10601
Tel 914 872-8060
Fax 914 946-1216
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY NY | GREENVILLE SC | MONMOUTH COUNTY NJ | RALEIGH NC |
| ALBUQUERQUE NM | HARTFORD CT | MORRISTOWN NJ | RAPID CITY SD |
| ATLANTA GA | HONOLULU HI* | NEW ORLEANS LA | RICHMOND VA |
| AUSTIN TX | HOUSTON TX | NEW YORK NY | SACRAMENTO CA |
| BALTIMORE MD | INDIANAPOLIS IN | NORFOLK VA | SALT LAKE CITY UT |
| BIRMINGHAM AL | JACKSONVILLE FL | OMAHA NE | SAN DIEGO CA |
| BOSTON MA | KANSAS CITY REGION | ORANGE COUNTY CA | SAN FRANCISCO CA |
| CHICAGO IL | LAS VEGAS NV | ORLANDO FL | SAN JUAN PR |
| CINCINNATI OH | LONG ISLAND NY | PHILADELPHIA PA | SEATTLE WA |
| CLEVELAND OH | LOS ANGELES CA | PHOENIX AZ | ST. LOUIS MO |
| DALLAS TX | MADISON, WI | PITTSBURGH PA | STAMFORD CT |
| DAYTON OH | MEMPHIS TN | PORTLAND OR | TAMPA FL |
| DENVER CO | MIAMI FL | PORTSMOUTH NH | WASHINGTON DC REGION |
| DETROIT MI | MILWAUKEE WI | PROVIDENCE RI | WHITE PLAINS NY |
| GRAND RAPIDS MI | MINNEAPOLIS MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: 914-872-6899
E-MAIL ADDRESS: Michelle.Phillips@JacksonLewis.com

October 17, 2019

**VIA ECF Letter Motion**
Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Jay Winegard v. Newsday LLC
      Case No. 1:19-cv-04420-FB-RER

Dear Senior Judge Block:

We represent the Defendant, Newsday LLC ("Newsday" and/or "Defendant"), in connection with the above-referenced matter. We submit this letter in accordance with Rule 2(A) of Your Honor's Individual Motion Practices and Rules providing the bases for Defendant's anticipated motion to dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). The Complaint alleges in a conclusory fashion that Plaintiff was unable to watch "various videos" on Defendant's website because they were not accessible to the Plaintiff as a deaf person. Plaintiff alleges that this amounts to disability discrimination in violation of Title III of the Americans with Disabilities Act ("Title III" and/or the "ADA"), the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL").

*Relevant Allegations*

Plaintiff is a deaf resident of Queens County, New York. (*See* Compl. at ¶ 4.) Newsday is a private company that publishes a daily newspaper that primarily serves Nassau, Suffolk, and Queens Counties. (*See* Compl. at ¶¶ 21-22.) According to Plaintiff, Newsday, a news publication, is a place of public accommodation because it is allegedly a "place of exhibition and entertainment," a "place of recreation" as well as a "service establishment." (*Id.* at ¶ 48.) Newsday operates a website, www.newsday.com, on which there are two (2) videos called "Dumpling Craze Hits Long Island: Feed Me TV" and "High and Mighty: Feed Me TV." (*Id.* at ¶ 20.) These videos were not closed-captioned and, due to his deafness, Plaintiff was unable to comprehend the audio

portions of the videos. (*See id*. at ¶¶ 7, 20.) The Complaint alleges Newsday violated Title III by allegedly failing to provide closed captioning as an auxiliary aid and service. (*See* Compl. at ¶¶ 51, 54.) Plaintiff accordingly filed suit under the ADA and various state and local access laws seeking relief, because, without being able to view the "Dumpling Craze Hits Long Island: Feed Me TV" and "High and Mighty: Feed Me TV" videos, he (and the purported class members) was denied the use and enjoyment of Newsday's website. (*See* Compl. at ¶¶ 16, 41.)

*Grounds for Dismissal*

The Complaint is rife with generalized allegations, and devoid of specific factual allegations. There are at least three (3) grounds for dismissal. First, neither Newsday nor its website is a "place of public accommodation" as defined by Title III. Newsday, as alleged in the Complaint, is a company that covers newsworthy events through its newspapers which are sold and distributed through New York and Long Island, New York. (*See* Compl. at ¶ 22.) "[T]he ADA specifically lists those private entities that constitute 'public accommodations' for purposes of the ADA, and newspapers are not included." *Treanor v. Washington Post Co.*, 826 F. Supp. 568, 569 (D.D.C. 1993). Thus, Newsday is not one of the 12 enumerated and exhaustive list of places of public accommodation covered by the statute. *See* 42 U.S.C. § 12181(7); 28 CFR Appendix C to Part 36 ("In order to be a place of public accommodation, a facility . . . must fall within one of these 12 categories."); *see also Parker v. Metro. Life Ins. Co*., 121 F.3d 1006, 1010 (6th Cir. 1997) (en banc). The Complaint's non-factual, conclusory allegations that Newsday is a place of recreation, a place of exhibition and entertainment and a service establishment are insufficient to overcome the Defendant's motion to dismiss.

Likewise, Newsday's website also is not a place of public accommodation under Title III. While the district courts in the Circuit have held that Title III non-discrimination requirements apply to online *fora*, they have only done so where website barriers prevent the plaintiff's efforts to purchase or gain access to the defendant's goods or services, citing *Pallozzi v. Allstate Life Ins. Co.,* 198 F.3d 28 (2d Cir. 1999), opinion amended on denial of reh'g, 204 F.3d 392 (2d Cir. 2000). *See, e.g.*, *Del-Orden v. Bonobos, Inc*., 2017 WL 6547902, at *5 (S.D.N.Y. Dec. 20, 2017) ("[S]ince *Pallozzi*, the four district courts in this Circuit to address the issue have each held, drawing on that decision, that the ADA extends to online fora offering goods and services."). However, Newsday does not provide its goods or services to consumers at any Newsday run location. In addition, Plaintiff merely alleges he was unable to access the audio portion of two (2) videos on Newsday's website. Even assuming that the website is a place of public accommodation under Title III, this allegation does not amount to a denial of Newsday's goods and services which is the provision of the news. Accordingly, the website cannot possibly contain a barrier – here two (2) videos about trying different foods – to obtaining Newsday's goods and services. Plaintiff can obtain those goods and services by reading Newsday's newspapers and websites articles.

Second, assuming Plaintiff could establish that Newsday is a place of public accommodation at the pleading stage, Plaintiff lacks standing because he does not allege he has a concrete injury. For purposes of constitutional standing "[a]n injury in fact must [not merely be particularized, it must] also be 'concrete.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016).

Here, Plaintiff sustained no injury in fact because he does not allege that Newsday's website denied him access to the news the Company offers. Even assuming the truth of the allegations, at most, Plaintiff could not access two (2) videos regarding people trying unique food items. *Spokeo* squarely applies to bar Plaintiff from bringing such a claim.

Finally, Plaintiff's failure to allege that he requested auxiliary aides and services, let alone that Newsday denied such a request, should also result in the dismissal of the Title III claim. Plaintiff bases his Title III claim on the statutory requirement that covered entities have an obligation to provide auxiliary aids and services to hearing impaired individuals to enable effective communication. (*See* Compl. at ¶¶ 51, 54.) The Complaint alleges Newsday violated Title III by allegedly failing to provide closed captioning as an auxiliary aid and service. (*See* Compl. at ¶¶ 51, 54.) The obligation under Title III to provide auxiliary aids and services is only triggered upon a request for such aids and services or where defendant knew of the need for such services. *See, e.g., Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013). Plaintiff never requested auxiliary aids and services. Newsday also does not know Plaintiff and, therefore, could not possibly have known his needs.

For these similar reasons outlined above, Plaintiff's claims under the NYSHRL, NYSCRL and NYCHRL fare no better and should likewise be dismissed as a matter of law. While Plaintiff seeks civil penalties and fines under the NYSHRL and NYCHRL (*See* Compl. at ¶¶ 73, 92), such relief is payable only to the state, and cannot be recovered by Plaintiff as a matter of law. *See* N.Y. EXEC. L. § 297(4)(c)(vi) (providing for "civil fines and penalties ... to be paid to the state by a respondent found to have committed an unlawful discriminatory act"); N.Y.C. ADMIN. CODE, tit. 8, Ch. 1, § 8-127(a) ("Any civil penalties recovered pursuant to this chapter shall be paid into the general fund of the city."). Nor can Plaintiff recover the compensatory damages he seeks under the NYSHRL and/or NYCHRL, as he fails to allege the pecuniary loss or emotional injuries resulting from the alleged discrimination that would be required to obtain such relief. *See Bemis v. New York State Div. of Human Rights*, 809 N.Y.S.2d 274, 277 (3d Dept. 2006). Additionally, Plaintiff is not entitled to punitive damages under the NYCHRL because he failed to sufficiently allege that Newsday "engaged in discrimination with willful or wanton negligence, or recklessness, or a 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.'" *Chauca v. Abraham*, 89 N.E.3d 475, 481 (N.Y. 2017).

Finally, Plaintiff appears to seek relief under two distinct substantive provisions of the NYSCRL, only one of which protects against discrimination in one's civil rights based on disability. Plaintiff quotes from N.Y. Civil Rights Law § 40, which does not apply to disabilities, but instead protects against discrimination in public accommodation solely "on account of race, creed, color or national origin." Plaintiff then quotes from § 41, the provision providing remedies for violations of § 40. Because Plaintiff alleges discrimination only on account of disability, and not race, creed, color, or national origin, he fails to state a claim under § 40 of the NYSCRL and is therefore not entitled to relief under § 41. *See Cave v E. Meadow Union Free Sch. Dist.*, 480 F. Supp. 2d 610 (E.D.N.Y. 2007); *Friends of Falun Gong v. Pac. Cultural Enter., Inc.*, 288 F. Supp. 2d 273, 285 n.5 (E.D.N.Y. 2003), aff'd sub nom., *Friends of Gong v. Pac. Culture*, 109 F. App'x 442 (2d Cir. 2004).

Thank you for your consideration.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Michelle E. Phillips*
Michelle E. Phillips
Joseph J. DiPalma

cc:     All counsel (via ECF)

4834-9511-2617, v. 2