UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

JAY WINEGARD, on behalf of himself and
all others similarly situated,

                       Plaintiff,

           -V-                                Case No.: 1:19-cv-04420-EK-RER

NEWSDAY LLC d/b/a NEWSDAY,

                       Defendant.

---------------------------------------------------------------X

## DEFENDANT NEWSDAY LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

JACKSON LEWIS P.C.
44 S. Broadway, 14th Floor
White Plains, NY  10601
Tel: (914) 872-8060
Fax: (914) 946-1216

Michelle E. Phillips
Joseph J. DiPalma

*Attorneys for Defendant*

**Served May 1, 2020**

**TABLE OF CONTENTS**

**Page #**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    POINT I    PLAINTIFF DOES NOT ESTABLISH AN INJURY IN FACT ........................... 2

    POINT II    NEWSDAY IS NOT A PUBLIC ACCOMMODATION COVERED BY TITLE III OF THE ADA ................................................................................................... 4

    POINT III    PLAINTIFF'S ALLEGED INABILITY TO VIEW TWO VIDEOS ON NEWSDAY'S WEBSITE IS NOT A BARRIER COVERED BY THE ADA ...... 6

    POINT IV    TO THE EXTENT THE COMPLAINT ALLEGES A TITLE III VIOLATION BASED ON FAILURE TO PROVIDE AUXILIARY AIDS AND SERVICES, PLAINTIFF NEVER MADE A REQUEST FOR SUCH SERVICES .................. 7

    POINT V    THE NEW YORK STATE HUMAN RIGHTS LAW CLAIM, NEW YORK CITY HUMAN RIGHTS LAW CLAIM, AND THE NEW YORK STATE CIVIL RIGHTS LAW CLAIM SHOULD BE DISMISSED ............................................. 8

CONCLUSION ............................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Access 4 All, Inc. v. G&T Consulting*,
   06-CV-13736, 2008 U.S. Dist. LEXIS 30594 (S.D.N.Y. Mar. 28 2008) ..................................2

*In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*,
   No. 03 MDL 1529(JMF), 2013 WL 6838899 (S.D.N.Y. Dec. 27, 2013) ................................8

*Argenyi v. Creighton Univ.*,
   703 F.3d 441 (8th Cir. 2013) ..................................................................................................7

*Burkhart v. Washington Metropolitan Area Transit Authority*,
   324 U.S. App. D.C. 241, 112 F.3d 1207 (D.C. Ct. App. 1997) ..............................................7

*Camarillo v. Carrols Corp.*,
   518 F.3d 153 (2d Cir. 2008) ....................................................................................................4

*Disabled in Action v. Trump Int'l Hotel*,
   01-CV-5518, 2003 U.S. Dist. LEXIS 5145 (S.D.N.Y. Apr. 1, 2003) .....................................2

*Feltzin v. Triangle Props. #1, LLC*,
   No. 14-cv-5131, 2016 WL 11599264 (E.D.N.Y. Dec. 15, 2016) ............................................3

*Godbey v. Iredell Mem'l Hosp., Inc.*,
   No. 5:12-cv-00004-RLV-DSC, 2013 U.S. Dist. LEXIS 117129 (W.D.N.C.
   Aug. 19, 2013) ........................................................................................................................7

*Kreisler v. Second Ave. Diner Corp.*,
   731 F.3d 184 (2d Cir. 2013) ....................................................................................................2

*McLeod v. Verizon New York, Inc.*,
   995 F. Supp. 2d 134 (E.D.N.Y. 2014) ....................................................................................8

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) .......................................................................................................2, 3

*Tauscher v. Phoenix Bd. of Realtors, Inc.*,
   No. CV-15-00125-PHX-SPL, 2017 U.S. Dist. LEXIS 161940 (D. Ariz. Sept.
   29, 2017) .................................................................................................................................7

*United States v. Harcourt Brace Legal & Prof'l Publ'n, Inc.*,
   No. 94CV3295, 1994 U.S. Dist. LEXIS 22007 (N.D. Ill. June 23, 1994) ..............................7

**PRELIMINARY STATEMENT**

Defendant, Newsday LLC /d/b/a Newsday ("Newsday" and/or "Defendant"), by and through its undersigned counsel, respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss Plaintiff Jay Winegard's ("Plaintiff") Complaint. In opposition to Defendant's motion, Plaintiff argues without support, *inter alia,* that Plaintiff suffered an injury in fact. In so arguing, Plaintiff offers no persuasive authority to support his contention, but rather makes conclusory allegations that he was unable to watch video content on Defendant's website. Plaintiff does not allege with any particularity how he suffered any injury at all.

In addition, Plaintiff does not provide any legal bases to conclude that Newsday is a "public accommodation" as that term is defined by Title III of the Americans with Disabilities Act ("ADA"). Plaintiff spends several pages of his opposition distinguishing between a "place" and a "website" but misses Defendant's argument that Newsday is not a "public accommodation" as defined by Title III. As such, if Newsday is not a public accommodation, its website cannot, *per se,* be a "public accommodation."

Even if a news company like Newsday with no retail operations could somehow be construed as a public accommodation, the alleged lack of closed captioning on two (2) videos has not caused the concrete, particularized harm now required for standing under the Supreme Court's decision in *Spokeo v. Robbins*. This is particularly true in light of the fact that these videos are readily available on YouTube with closed captioning – a fact Plaintiff inappropriately, and without legal support, disregards as *ludicrous* in his opposition. Finally, Plaintiff's interpretation of Title III's auxiliary aides and services provisions is incorrect. Plaintiff readily admits he never made a predicate request for an auxiliary aide before filing suit, as required by the ADA. Plaintiff never made any attempt whatsoever to contact Newsday to determine

whether any auxiliary aides or services were available so that he could obtain the audio portion of the videos in an alternative format.  Rather, Plaintiff saw two (2) videos without captioning and decided to file a federal lawsuit rather than contact Newsday for aides and/or services. For these reasons, his Complaint must be dismissed in its entirety with prejudice.

## ARGUMENT

## POINT I

## PLAINTIFF DOES NOT ESTABLISH AN INJURY IN FACT

As was more fully articulated in Defendant's moving papers, a plaintiff seeking injunctive relief in federal court must meet Article III standing requirements, which include, at a minimum, that a plaintiff establish he has suffered an "injury in fact" that is concrete and particularized, and actual or imminent, as opposed to conjectural or hypothetical. *See Disabled in Action v. Trump Int'l Hotel*, 01-CV-5518, 2003 U.S. Dist. LEXIS 5145, at *18-19 (S.D.N.Y. Apr. 1, 2003); *Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016); Access 4 All, Inc. v. G&T Consulting*, 06-CV-13736, 2008 U.S. Dist. LEXIS 30594, at *9-10 (S.D.N.Y. Mar. 28 2008).

The Second Circuit has distilled these requirements specifically for ADA cases. Sufficient injury in fact exists in the ADA context where: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's establishment] to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).

Even assuming that the lack of closed captioning on two (2) videos (which are both available on YouTube) constitutes actionable discrimination, Plaintiff does not plausibly allege a past injury. His sole allegation of past harm is that on May 17, 2019, he watched videos

2

on Defendant's website that did not have closed captioning. Compl. ¶¶ 10, 20, 42 (identifying "Dumpling Craze Hits Long Island: Feed Me TV" and "High and Mighty: Feed Me TV" as the videos he watched). Assuming the lack of closed captioning could state a claim, Plaintiff's conclusory statement lacks the specificity required to give rise to a reasonable inference that he suffered a *concrete* and *particularized* injury. *See Feltzin v. Triangle Props. #1, LLC*, No. 14-cv-5131, 2016 WL 11599264, at *5 (E.D.N.Y. Dec. 15, 2016).

In *Triangle Properties*, the court rejected as improperly conclusory the plaintiff's allegations that she visited a shopping center and "encountered architectural barriers," which generically impaired his ability to "park safely at the premises, to use restrooms safely and to access the goods and services at the premises." *Id.* The plaintiff failed to plead that "he was ever hindered from accessing or utilizing any part of any tenant's business" in the shopping center or that she ever frequented any particular business. *Id.* Here, Plaintiff makes a similarly conclusory allegation that access barriers on these two (2) videos "prevented the Plaintiff from enjoying the goods, services and benefits offered by the Website and as such denied the Plaintiff equal access." Compl. ¶ 42. This is simply not the case. Newsday, even assuming it is a public accommodation, which it is not, delivers the news and Plaintiff has not been denied access to the news. Plaintiff still has enfettered access to all of Defendant's articles, news stories, newspapers, and the website. Plaintiff only alleges lack of captioning on videos that he can: (1) still view, and (2) can still view with captioning on YouTube. Plaintiff was not denied access to Newsday's actual business. In sum, even assuming that failure to provide closed captioning constitutes actionable discrimination under the ADA, Plaintiff lacks standing because he does not plausibly allege a past injury. Even assuming Plaintiff has alleged mere technical WCAG 2.0 violations (which is not federal regulation) without alleging that he was actually harmed in any concrete

3

way, Plaintiff lacks the concrete harm required by *Spokeo* and the Complaint should be dismissed.[1]

## POINT II

## NEWSDAY IS NOT A PUBLIC ACCOMMODATION COVERED BY TITLE III OF THE ADA

Plaintiff's conclusory contention, both in his opposition and in his Complaint, that Newsday is a place of public accommodation is insufficient to plead that Newsday is a Title III covered entity. To state a claim under Title III, the plaintiff must allege "(1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). Plaintiff fails to sufficiently allege that Newsday is a "public accommodation" – an indispensable element of Plaintiff's cause of action - in order to plead a Title III discrimination, claim under Title III. If Newsday is not a public accommodation, meaning its physical operation is not covered by Title III, its website is not a public accommodation either. Even assuming the website is a "place" as argued by Plaintiff, it does not mean that such place is covered by Title III.

Title III of the ADA specifically addresses discrimination by owners, lessors, and operators of public accommodations. 42 U.S.C. § 12182(a) sets forth the following limited list of private entities that are considered "public accommodations" for purposes of Title III which were set forth in Defendant's moving papers. Federal regulations explicitly confirm that the list of 12

---

[1] This is especially true when considering, as noted above, that Plaintiff is able to view the videos on YouTube with captions and both videos identified in the Complaint are available on YouTube. Plaintiff's belief that this is "ludicrous" is in itself ludicrous and it highlights the futility and insincerity of his Complaint.

4

categories is exhaustive. 28 CFR Appendix C to Part 36 ("In order to be a place of public accommodation, a facility . . . must fall within one of these 12 categories.") The list is clear in including only places open to *the public* and providing "goods or services" to *the public* (hence the term "public accommodation"). Despite the exhaustive nature of the list, it does not include newspaper companies, like Newsday, which sell daily newspapers to direct customers via delivery service and retail establishments who in turn offer those products to the public. Accordingly, because Newsday is not a covered entity, neither is its website.

As set forth in Defendant's moving papers, a company that publishes a daily newspaper and maintains a website, is not a place of public accommodation because it is not a "place of exhibition and entertainment", a "place of recreation", nor a "service establishment" as alleged by Plaintiff. Compl. ¶ 48. The statute itself gives examples of these forms of public accommodation (examples flatly ignored by Plaintiff in his opposition), which makes it glaringly obvious Newsday cannot fit into any category listed by Plaintiff. *See* 42 U.S.C. §§ 12181(7)(C), (F), (I); 28 CFR Appendix C to Part 36.

In addition, even assuming that the website itself is a place of public accommodation under Title III, the lack of closed captioning on two (2) videos does not amount to a denial of Newsday's goods and services which is the provision of the news. Accordingly, the website cannot possibly contain a barrier to Newsday's goods and services. Plaintiff can obtain those goods and services by reading Newsday's newspapers and websites articles.

## POINT III

## PLAINTIFF'S ALLEGED INABILITY TO VIEW TWO VIDEOS ON NEWSDAY'S WEBSITE IS NOT A BARRIER COVERED BY THE ADA

The ADA and its regulations require only that a disabled individual has equal access to goods and services of places of public accommodation.  *See* 42 U.S.C. § 12182(a). Indeed, the Complaint does not allege Plaintiff ever attempted to obtain goods or services from Newsday or its website, rather he merely sought to access to two (2) videos provided on Newsday's website. Compl. at ¶¶ 7, 20.  This is particularly true when one considers that YouTube provides captioning software that Plaintiff can access, together with the undisputable fact that the two (2) videos called "Dumpling Craze Hits Long Island: Feed Me TV" and "High and Mighty: Feed Me TV" are available to Plaintiff on YouTube.

In opposition, Plaintiff does not provide any relevant legal authority to support his position that Newsday was required to provide closed captioning on these two (2) videos. Rather, Plaintiff relies upon Section 508 of the Rehabilitation Act, but he did not raise such claim in the Complaint,[2] and the auxiliary aides and services provision of the Title III.  As set forth below and in Defendant's moving papers, Newsday was not required to provide any auxiliary aides or services to Plaintiff absent a request and even assuming any aides or services are required, it is up to Newsday to determine what is appropriate under the circumstances.  In any event, Plaintiff's Complaint should be dismissed because Plaintiff did not encounter a legitimate barrier to access when he accessed the two (2) videos because he had alternative ways of watching the videos with captions.

---

[2] It is respectfully submitted that Plaintiff waived any right to amend the Complaint during the pre-motion conference before Judge Block on January 15, 2020.  *See* ECF Minute Entry 1/15/2020 (stating "Plaintiff passes on the Courts offer to file an amended complaint.")

# POINT IV

## TO THE EXTENT THE COMPLAINT ALLEGES A TITLE III VIOLATION BASED ON FAILURE TO PROVIDE AUXILIARY AIDS AND SERVICES, PLAINTIFF NEVER MADE A REQUEST FOR SUCH SERVICES

In opposition, Plaintiff acknowledges he did not request that Newsday provide him any auxiliary aids and services – a basic, indispensable prerequisite to Plaintiff alleging a Title III claim in this instance. As set forth in Defendant's moving papers, Plaintiff bases his Title III claim on Title III's statutory requirement that covered entities have an obligation to provide auxiliary aids and service to hearing impaired individuals to enable effective communication. Compl. at ¶¶ 51, 54. The Complaint alleges Newsday violated Title III by allegedly failing to provide closed captioning as an auxiliary aid and service. Compl. at ¶¶ 49, 51, 54.

Plaintiff does not cite to any legal authority supporting his contention that he does not have to affirmatively request an auxiliary aide or service. However, courts considering the claims concerning the alleged failure to provide auxiliary aids and services have clearly held that the obligation to provide an auxiliary aid is only triggered upon a request for such aids and services by a disabled individual. *See, e.g.*, *Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013); *Tauscher v. Phoenix Bd. of Realtors, Inc.*, No. CV-15-00125-PHX-SPL, 2017 U.S. Dist. LEXIS 161940, at \*\*7-8 (D. Ariz. Sept. 29, 2017); *Godbey v. Iredell Mem'l Hosp., Inc.*, No. 5:12-cv-00004-RLV-DSC, 2013 U.S. Dist. LEXIS 117129, at \*23 (W.D.N.C. Aug. 19, 2013); *United States v. Harcourt Brace Legal & Prof'l Publ'n, Inc.*, No. 94CV3295, 1994 U.S. Dist. LEXIS 22007, \*\*5-7 (N.D. Ill. June 23, 1994); *Burkhart v. Washington Metropolitan Area Transit Authority*, 324 U.S. App. D.C. 241, 112 F.3d 1207, 1213 (D.C. Ct. App. 1997).

Because Plaintiff has not alleged that he requested auxiliary aids and services from Newsday, let alone that they were denied, his claim that Newsday violated Title III by failing to provide auxiliary aids and services must be dismissed as a matter of law.

## POINT V

### THE NEW YORK STATE HUMAN RIGHTS LAW CLAIM, NEW YORK CITY HUMAN RIGHTS LAW CLAIM, AND THE NEW YORK STATE CIVIL RIGHTS LAW CLAIM SHOULD BE DISMISSED

Plaintiff abandoned his New York State Human Rights Law and his New York State Civil Rights Law claims. Even giving Plaintiff the benefit of a liberal reading of his opposition, Plaintiff fails to address any of the deficiencies identified in Defendants' Motion to Dismiss with respect to these causes of action. These claims, therefore, should be dismissed as abandoned. *See e.g., McLeod v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 143–144 (E.D.N.Y. 2014) ("[C]ourts in this circuit have held that '[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims.'"); *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529(JMF), 2013 WL 6838899, at *13 (S.D.N.Y. Dec. 27, 2013) ("[The] [p]laintiffs did not respond to [the defendant's] arguments with respect to their indemnity claim in their memorandum of law in opposition to the motion to dismiss. Thus, the indemnity claim is deemed abandoned and dismissed on that basis."). Finally, for the same reasons Plaintiff's federal claims fail, so too does his New York City Human rights Law claim.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and grant such further relief as this Court deems just and proper.

8

Dated: May 1, 2020
      White Plains, New York

          Respectfully submitted,

          JACKSON LEWIS P.C.
          44 South Broadway, 14th Floor
          White Plains, New York 10601
          914-872-8060

By:   */s/ Michelle E. Phillips*
      Michelle E. Phillips
      */s/ Joseph J. DiPalma*
      Joseph J. DiPalma

      *Attorneys for the Defendant*
      *Newsday LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JAY WINEGARD, on behalf of himself and
all others similarly situated,

                       Plaintiff,

-against-

NEWSDAY LLC d/b/a NEWSDAY,

                       Defendant.
------------------------------------------------------------------x

Case No.: 1:19-cv-04420-EK-RER

## **CERTIFICATE OF SERVICE**

        This is to certify that a true and correct copy of the Defendant's Reply Memorandum of Law in Further Support of Motion to Dismiss has been served on counsel for Plaintiff via First Class Mail, ECF, and Email on May 1, 2020 at the address listed below:

Mitchell Segal, Esq.
Law Offices of Mitchell Segal, P.C.
1010 Northern Blvd., Suite 208
Great Neck, New York 11021
msegal@segallegal.com

                                                    */s/ Joseph J. DiPalma*
                                                    Joseph J. DiPalma

4825-0264-2363, v. 2