LAW OFFICES OF MITCHELL S. SEGAL, P.C
Mitchell Segal (MS 4878)
1010 Northern Boulevard, Suite 208
Great Neck, New York 11021
Ph: 516-415-0100
Fx: 516-706-6631
*Attorneys for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JAY WINEGARD, on behalf of himself and
all others similarly situated,        Case No.: 1:19-cv-04420-EK-RER

               Plaintiff(s),

   - v.-

NEWSDAY LLC d/b/a NEWSDAY,

               Defendant.

-----------------------------------------------------------------X


# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT


Date of Service: April 10, 2020.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii
INTRODUCTION .............................................................................................................. 1
LEGAL STANDARD ........................................................................................................ 2
THE PLAINTIFF'S ARGUMENTS .................................................................................. 3
   I.    THE PLAINTIFF HAS STANDING AND THE COURT HAS SUBJECT MATTER
        JURISDICTION ……………………………………………………………………… 3
   II.   DEFENDANT'S WEBSITE IS A PLACE OF PUBLIC ACCOMODATION FOR
       PURPOSES OF THE ADA…………………………………………………………… 5
   III.  THE WEBSITES BARRIERS TO ACCESIBILITY ARE A VIOLATION OF THE
       ADA ........................................................................................................................... 8
   IV.  AS A CONDITION PRECEDENT TO A VIOLATION OF TITLE III THE PLAINTIFF
       DOES NOT HAVE TO ALLEGE A REQUEST FOR AUXILIARY SERVICES …. 9
   V.   THE NEW YORK CITY HUMAN RIGHTS LAW CLAIM SHOULD NOT BE
       DISMISSED ……………………………………………………………………… 11
           CONCLUSION …………………………………………………………………. 12

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ………………………………………………………………. 2,4

*Camarillo v. Carrols Corp.*,
   518 F.3d 153 (2d Cir. 2008) .................................................................................... 3, 5

*Carparts Distrib. Ctr., Inc. v. Auto. Wholesaler's Ass'n of New Engalnd, Inc.*,
   37 F.3d 12 (1st Cir. 1994) ........................................................................... ……. 6

*Famous Horse Inc. v. 5th Ave. Photo Inc.*,
   624 F.3d 106 (2d Cir. 2010) ………………………………………………………… 2

*Jackson v. New York*,
   381 F. Supp. 2d 80 (N.D.N.Y. 2005) ……………………………………………….. 2

*Loeffler v. Staten Island University Hosp.*,
   582 F.3d 268, 278 (2d Cir 2009) …………………………………………………… 12

*Markett v. Five Guys Enterprises LLC*,
   1:17-cv-00788-KBF-ECF No. 33, Order on Motion To Dismiss (S.D.N.Y. July 21, 2017) at 4
   ……………………………………………………………………………………… 7

*Nat'l Ass'n of the Deaf v. Netflix, Inc.*,
   869 F. Supp. 2d 196 (D. Mass. 2012)................................................................ 2

*Nat'l Fed'n of the Blind v. Scribd Inc.*,
   97 F. Supp. 3d 565 (D. Vt. 2015).................................................................... 2,6,7

*Pallozzi v. Allstate Life Ins. Co.*,
   198 F.3d 28 (2d Cir. 1999).............................................................................. 2,6

*Starr v. Sony BMG Music Entertainment*,
   592 F.3d 314 (2d Circ. 2010) ....................................................................... 2

*Victor Andrews v. Blick Art Materials, LLC*,
   268 F.Supp 381 (2d Circ. 2017) ……………………………………………………6,8

**Statutes**

42 U.S.C. §12181................................................................................. 1, 5

42 U.S.C. § 12182 …………………………………………………………. 3,4,5

N.Y.C. Admin Code § 8-107 ……………………………………………….. 11,12

28 C.F.R. §36 ……………………………………………………………….. 5

**Rules**

Fed. R. Civ. P. 12(b)(1)................................................................................ 4

Fed. R. Civ. P. 12(b)(6)………………………………………………………….. 2

**Regulations**

28 C.F.R. 36.303 ……………………………………………………………… 4,9,10

**INTRODUCTION**

Plaintiff JAY WINEGARD respectfully submits this Memorandum of Law in Opposition to Defendant NEWSDAY LLC's d/b/a NEWSDAY ("Defendant" and/or "Newsday") Motion to Dismiss the Plaintiff's Complaint ("Complaint").

Defendant Newsday is a daily newspaper that primarily serves Nassau and Suffolk counties and the borough of Queens and is sold throughout the New York metropolitan area. It includes a large digital business from its website, [www.newsday.com](www.newsday.com) (the "Website") which covers news about Long Island, current national news, sports, things to do, food and restaurants, business, obituaries, produces its own content for television, the internet and also supports shopping and conducts live forums and events. The Website also is dedicated to Rockland and Westchester counties and anyone in the nation can access it. Until recently Newsday was owned by Cablevision, a cable television network which was owned by Altice, a Netherlands-based multinational telecom company who purchased Cablevision in 2016 and sold its interest in Newsday in July, 2018. When Newsday was owned by Cablevision television network, and then became Optimum cable television network it was marketed to all of the cable subscribers as a free subscription as part of the cable television's marketing program. Newsday's Website is free for some of its content and has a paid subscriber model for other content and sections of the Website. Newsday offers a free subscription to its digital properties if you are a subscriber to its print subscription package. Newsday, its Website, in conjunction with all of its other properties including its live events open to the public, its television and video digital studios, publishing empire, shopping advertising, forums and live events and its digital properties is a public accommodation under the ADA. 42 U.S.C. §12181 (7)(E). The Second Circuit has already held that a "public accommodation" that provides the goods and services listed in the 12 categories of 42 U.S.C. § 12181(7)(A-L) is covered by Title III of the ADA, <u>even when those</u>

goods or services are not offered at a public location.  *Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28, 32-33 (1999).

Defendant's Website contains access barriers to the Plaintiff, the Class and other deaf and hard of hearing individuals even though technology exists to make Defendant's online service to deaf and hard of hearing individuals readily accessible.

Newsday's Website is a public accommodation.  *See Nat'l Ass'n of the Deaf v. Netflix, Inc.,* 869 F. Supp. 2d 196, 200 (D. Mass. 2012); *See also Nat'l Fedn. of the Blind v. Scribd Inc.,* 97 F. Supp. 3d 565 (D. Vt. 2015).

## **LEGAL STANDARD**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  A court "must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.,* 624 F.3d 106, 108 (2d Cir. 2010)). A court should accept well pleaded factual allegations and assume their veracity and… determine whether they plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)).

Plaintiffs need only assert factual allegations sufficient "'to raise a right to relief above the speculative level.'" *Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 321 (2d. Cir. 2010). Motions to dismiss for failure to state a claim are "generally viewed with disfavor, and the standard for dismissal under Rule 12(b)(6) is quite narrow." *Jackson v. New York,* 381 F. Supp. 2d 80, 484 (N.D.N.Y 2005). The Plaintiffs Complaint exceeds these dismissal standard and the Defendants motion does not hold muster.

## THE PLAINTIFF'S ARGUMENTS

I.  THE PLAINTIFF HAS STANDING AND THE COURT HAS SUBJECT MATTER JUSIDICTION.

The Defendant alleges the Plaintiff lacks standing and the Court lacks subject matter jurisdiction because Plaintiff cannot demonstrate harm. The Plaintiff has alleged an injury in fact. See Complaint ¶10, ¶ 20 and ¶42 where the Plaintiff was prevented from watching video content on the Defendant's Website due to access barriers on the Website. "To state a claim under Title III [of the American with Disabilities Act ("ADA" or "the ACT")], [a plaintiff] must allege (1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease or operate a place of accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services provided." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

Defendant's failure to provide access to the Plaintiff violates the American with Disabilities Act by not providing "full and equal enjoyment" of a public accommodation's goods, services, facilities privileges, advantages or accommodations and is discrimination, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations. By failing to provide closed captioning on its Website the Defendant has made its Website non-accessible to the Plaintiff and other deaf and hard of hearing individuals. 42 U.S.C. §12182(b)(1)(A)(i-iii). The Defendant has discriminated against the Plaintiff on the basis of his disability by denying him an equal opportunity to participate in and benefit from the Defendant's goods, services facilities, privileges, advantages and/or accommodations in violation of Title III of the ADA, 42 U.S.C. §12182 (b)(1)(A)(I), which

includes the failure to provide auxiliary aids and services such as closed captioning to ensure effective communication to deaf and hard of hearing individuals. 42 U.S.C. §12182 (b)(1)(A)(III); 28 C.F.R. §36.303(c); 28 C.F.R. §36.303(b)(1). This discrimination against the Plaintiff is an injury in fact.

In order to survive a motion to dismiss pursuant to Rule 12(b)(1), a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*.*" *Ashcroft,* 556 U.S. at 678, 129 S. Ct. at 1949.

The Defendant has accessibility barriers on its Website. The Plaintiff cannot access its content. That is discrimination under the ADA and the State and City statues cited. Defendant excludes the Plaintiff and deaf and hard of hearing individuals from the full and equal participation on it's Website and is a violation of the ADA, the NYHRL, the NYCCRL and the NYCHRL. A discriminatory act happens to be an "injury in fact".

The Defendant states that the Plaintiff "does not allege that he was denied access to the "facilities, goods and services offered by the Website. I guess the Defendants missed ¶10, ¶20 and ¶42 of the Plaintiff's Complaint which states that the "Plaintiff has been denied equal access of the facilities, goods and services of the Defendant's Websites due to its lack of accessibility". The Plaintiff claimed that he could not access or enjoy any of the videos as others can. How is that not an injury?

## II.     DEFENDANT'S WEBSITE IS A PLACE OF PUBLIC ACCOMMODATION FOR PURPOSES OF THE ADA

To state a claim under Title III of the Americans with Disabilities Act (hereafter "ADA"), a plaintiff must allege that: (1) he is disabled within the meaning of the ADA; (2) the defendantowns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against him by denying him a full and equal opportunity to enjoy the services the defendant provides. *See Camarillo v. Carrols Corp.,* 518 F.3d 153, 156 (2d Cir. 2008). Defendant wrongly contends that Newsday is not a "public accommodation" as defined in Title III of the ADA and as such the Website is not subject to the ADA." However, the ADA specifically provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to) or operates a place of public accommodation." (42 U.S.C. §12182(a); 28 C.F.R. §36.201). Defendant operates the Website which covers news about Long Island, current national news, sports, things to do, food and restaurants, business, obituaries, produces its own content for television, the internet and also supports shopping and conducts live forums and events. Defendant has its own television and video/internet studio in addition to its publishing and adverting production facilities and offices.  See Defendants Website Section "About Us" and Exhibit A.  Defendant "owns, leases, or operates" the Website which is a public accommodation for the purposes of the ADA. *See* 42 U.S.C. §12181 (7)(C). Defendant discriminated against Plaintiff and other deaf and hard of hearing individuals by denying a full and equal opportunity to enjoy its public accommodation's goods and services provided via online, which Defendant provides to non-deaf or hard of hearing individuals.  *See Camarillo v. Carrols Corp.,* 518 F.3d 153, 156 (2d Cir. 2008).

Additionally, the Defendant's Website itself is a "public accommodation" under the ADA. The Second Circuit has already considered this issue. In *Pallozzi,* the Second Circuit held that a "public accommodation" that provides the goods and services listed in the 12 categories is covered by Title III of the ADA, even when those goods or services are not offered at a public location. *Pallozzi v. Allstate Life Ins. Co.,* 198 F.3d 28, 32-33 (1999*).* If this was not the case a company could freely refuse to sell its goods or services to a disabled person as long as it did so online rather than within the confines of a physical office or store." *Nat'l Fedn.of the Blind v. Scribd Inc.*, 97 F. Supp. 3d 565, 571 (D. Vt. 2015). *See also Carparts Distribution Ctr., Inc. v. Automotive Wholesalers Assoc. of New England, Inc*., 37 F.3 12, 19-20 (1st Cir. 1994) (holding that Congress intended for Title III to protect the disabled from discrimination, even if the discrimination was conducted outside of the actual physical structure of a business; thus, public accommodations include activities "over the telephone or by mail).

In *Nat'l Fedn. of the Blind v. Scribd Inc.,* 97 F. Supp. 3d 565 (D. Vt. 2015), the court found that that Scribd's services fall within at least one of the following categories: "place of exhibition or entertainment," a "sales or rental establishment," a "service establishment," a "library," a "gallery," or a "place of public display or collection." *Nat'l Fedn. of the Blind v. Scribd Inc*., 97 F. Supp. 3d 565, 576 (D. Vt. 2015). The *Scribd* court relied on the precedent of *Pallozzi* to reach its holding, noting that, "the Second Circuit has also reasoned that the statute was meant to guarantee more than mere physical access to particular types of businesses." *Scribd* at 571 (quoting *Pallozzi* at 32-33).

In *Victor Andrews v. Blick Art Materials, LLC*, 268 F.Supp 381 (2d Circ. 2017), the Court found that a website itself is a "public accommodation" under the ADA. The Court in analyzing court decisions which required a physical location for a public accommodation stated that "This narrow physical approach means, in practice, that the inaccessible website of a brick-and-mortar

retail store could run afoul of the ADA if the website's inaccessibility with the "full and equal enjoyment" of the goods and services offered at the physical store, but a business that operates solely through the Internet and has no customer-facing physical location is under no obligation to make their website accessible". The District Court adopted the Second Circuit's approach to the ADA and declared that under Title III of the ADA, the website, dickblick.com "is a place of public accommodation and as such Blick was prohibited from discrimination against the blind by failing to take the necessary steps necessary to ensure that the blind have "full and equal enjoyment' of the goods, services privileges, advantages, facilities, or accommodations of its website – provided that taking such steps would not impose an undue burden on Blick or fundamentally alter the website". *Id* at 16. The Court further added that "This decision is consistent with the opinions of the other district courts in this circuit which have analyzed this question. *Nat'l Fed'n of the Blind v. Scribd Inc*., 97 F. Supp 3d 565, (D. Vt. 2015) (Title III of the ADA covers the website of a company without any physical locations); *Markett v. Five Guys Enterprises LLC,* 1:17-cv-00788-KBF, ECF No. 33, Order on Def's Mot. To Dismiss (S.D.N.Y. July 21, 2017) at 4 ("The text and purposes of the ADA, as well as the breadth of federal appellate decisions, suggest that defendant's website is covered under the ADA, either as its own place of public accommodation or as a result of its close relationship as a service for defendanrt's restaurants, which indisputably are public accommodations under the statute."). The Court decided to follow the Scribd interpretation of Title III of the ADA and concluded that a website alone is a public accommodation. *Id* at 17.

This decision confirms the application of the ADA to the Internet. The DOJ has "taken the position that the ADA applies to the Internet and web- based goods and service providers." (*Scribd*, supra, 97 F. Supp. 3d at 574 ("Covered entities under the ADA are required to provide effective communication, regardless of whether they generally communicate through print media, audio media, or computerized media such as the Internet.").

The Internet has come to *replace* public facilities and has transformed the business world. Newsday has moved to an internet subscription based model and sees that the future of its business as the internet opposed to print media. Requiring Defendant to make its business services accessible which are primarily provided through its Website satisfies the ADA's premise.

Newsday's defense is that it cannot be a place of public accommodation and as such does not fit within the service establishment definition of a place of public accommodation is improperly based. As the Court in Blick concluded, this is irrelevant as the statute defines "public accommodation" not "place of public accommodation". *Id* § 12182(b)(2)(A)(iii). The Defendant cites the case which supports the Plaintiff's position. *Blick.* Newsday's Website is a public accommodation and the Defendant discriminates against the Plaintiff and the class by not taking the necessary steps to ensure that the Plaintiff and the Class and other deaf and hard of hearing individuals are not excluded from the full and equal enjoyment of the goods, services, facilities privileges, advantages or accommodations of the Website and the Defendants Motion to be dismissed should be denied.

III. **THE WEBITES BARRIERS TO ACCESSIBILITY ARE A VIOLATION OF THE ADA**

The DOJ has been enforcing the ADA against private operators of inaccessible commercial websites. See Exhibit B. Federal courts have allowed website claims under the Title III of the ADA to go forward. Various recommendations and guidelines exist for the Defendant to make their Website compliant with the ADA. Web Content Accessibility Guidelines 2.1 Section 1.2.2 states that "Captions are provided for all prerecorded audio content in synchronized media, except where the media is a media alternative for text and is clearly labeled as such". Section 508 of the Workforce Rehabilitation Act requires all electronic and information technology be accessible to

individuals with disabilities and requires closed captioning forvideo content.

The Defendant Newsday's Website does not comply with WCAG 2.1 nor Section 508 of the Rehabilitation Act), or any other accessibility standard to allow full and equal use of the Website by deaf and hard of hearing individuals.

The Defendant's website is not accessible and will not be until its videos contain closed captioning. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 § C.F.R. 36.303(c)(1)(ii). Defendant must be required to make its Website accessible.

Defendant engaged in acts of discrimination, which violates the ADA, New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law.

Defendant Newsday discriminates against the Plaintiff and the Class as its Website is non accessible due to its lack of close captioning and is discriminatory against the Plaintiff, the Class and other deaf and hard of hearing individuals. How the Defendant thinks that its Website's barriers to access is not a violation of the ADA is beyond comprehension. The Defendant's argument that the Plaintiff could have watched the Websites on YouTube with captions is ludicrous. If YouTube can have closed captions on these videos so could the Defendant. The Plaintiff's Complaint should not be dismissed.

## IV. AS A CONDITION PRECEDENT TO A VIOLATION OF TITLE III, THE PLAINTIFF DOES NOT HAVE TO ALLEGE A REQUEST FOR AUXILIARY SERVICES.

The Defendant obviously doesn't understand the requirements to not discriminate against the disabled as dictated by the ADA. There is a requirement under Title III of the ADA to make all websites accessible including the Defendant's Website in order to satisfy the ADA's goal of

providing "full and equal enjoyment" of a public accommodation's goods, services, facilities privileges, advantages or accommodations so as not to discriminate, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations. The Defendant has not shown this nor cites any case law or statutes which support its position. The Plaintiff is not required to call the Defendant up or write a letter to request that he needs to be supplied an auxiliary aid.

The Defendant ignores the fact that he is required to provide access to its Website. In fact the Defendant cites cases concerning violations of Title II and the "ADA Best Practices Tool Kit for State and Local Governments" a guidance document under Title II of the ADA. Title II of the ADA applies to State and local governments and institutions that are funded by such of which the Defendant is not. Title III controls in the instant case.

Title III regulation 28 CFR §36.03 covers Auxiliary Aids and Services. Section (a) states:

> "General. A public accommodation shall take those steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids or services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileged, advantages or accommodations being offered or would result in an undue burden…".

(b) Examples. The term "auxiliary aids and services" includes

> "… open and closed captioning, including real time captioning…. Or other effective methods of making aurally delivered information available to individuals who are deaf or hard of hearing; "

(c) Effective Communication.

> (1). A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals. This includes an obligation to provide effective communications to companions who are individuals with disabilities."

> (ii) "….In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence

of the individual with a disability. See Exhibit C.

The Defendant Newsday is required to provide closed captioning on its videos located on its Website. The Plaintiff is not required to notify them and wait 6 months before they do so as they are required to provide closed captions in a timely manner.

The Technical Assistance Manual for Title III under III-4.3000 Auxiliary Aids under III-43100 states:

> "General. A public accommodation is **required** to provide auxiliary aids that are necessary to ensure equal access to the goods, services facilities, privileges, or accommodations that it offers, unless a fundamental alteration would result." See Exhibit D.

There is no requirement that a disabled individual notify a public accommodation to provide an auxiliary aid before a public accommodations duty to provide one exists. In fact, the Manual states that "Public Accommodations should consult with individuals wherever possible to determine what type of auxiliary aid is needed to ensure effective communication. Defendant Newsday's argument falls short.

## V. THE NEW YORK CITY HUMAN RIGHTS LAW CLAIM SHOULD NOT BE DISMISSED

§ 8-107 of the New York City Administrative Code contains The New York City Human Rights Law ("NHCHRL") which **"makes it an unlawful practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation [b]ecause of any person's actual or perceived …disability…directly or indirectly [to] refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages services, facilities or privileges of the place or provider of public accommodation. N.Y.C. Admin. Code §8-107(4)(a).

11

It requires that "any person prohibited by the [law] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." Id at **§** 8-107(15)(a). Similar worded Federal and N.Y.S. statutes may be used as an aid in interpretation. See *Loeffler v. Staten Island University Hosp*, 582 F.3d 268, 278 (2d Cir. 2009). Newsday's Website is a provider of public accommodation under N.Y.C. §8-107(4)(a) and as such Defendant's argument fails.

## **CONCLUSION**

For the reasons set forth in this Memorandum In Opposition, the Court should determine that the Plaintiff, Jay Winegard, has plausibly stated a claim based on Defendant's violations under the Americans with Disabilities Act, New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law against the Defendant, the Plaintiff has standing, the Court has subject matter jurisdiction and Defendant's Motion to Dismiss must be denied in its entirety with such other and further relief as this honorable Court deems just and proper.

Dated: Great Neck, New York
April 10, 2020

/s/ Mitchell Segal
_____
Mitchell Segal

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2020, a copy of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Class Action Complaint was served on Joseph DiPalma, Esq. of Jackson Lewis P.C. by email.

*/s/ Mitchell Segal*

Mitchell Segal, Esq.
